# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

ROY RIPPEE, )
        Plaintiff, )
        v. ) No. 09-3402-CV-S-MJW
WCA WASTE CORPORATION, d/b/a )
Waste Corporation of Missouri, et al., )
        Defendants. )

## ORDER

Plaintiff Roy Rippee filed a complaint against defendant Waste Management Corporation, Inc., and defendant Scott Blanford in the Circuit Court of Greene County, Missouri. Defendants subsequently filed a notice of removal to the United States District Court for the Western District of Missouri, citing federal question jurisdiction. Plaintiff's complaint seeks damages from defendants for alleged disability discrimination, in violation of the Family Medical Leave Act (FMLA), Missouri Human Rights Act (MHRA), and the Americans with Disabilities Act (ADA). Count I alleges that following plaintiff's return from family medical leave under the FMLA, he was not restored to the same position he held prior to his taking leave, in violation of the FMLA. Count II alleges that plaintiff was terminated from employment with defendant WCA, in violation of the FMLA. Count III alleges that plaintiff was terminated because of an alleged perceived disability, in violation of the MHRA. Count IV alleges that plaintiff's termination also violated the ADA.

On December 3, 2009, defendant Waste Management Corporation, Inc., (WCA) filed a motion to dismiss Counts III and IV of plaintiff's complaint. WCA argues that plaintiff has failed to fulfill the statutory prerequisite of receiving a right-to-sue letter from the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC).

Also on December 3, 2009, defendant Scott Blanford filed a motion to dismiss, seeking dismissal of Counts I, II and III of plaintiff's complaint. Blanford argues that Counts I, II and III against him must be dismissed because plaintiff has failed to state a claim against him under the FMLA or the MHRA. Blanford argues he cannot be held liable under the FMLA or the MHRA because plaintiff has made no allegations that he engaged in any violations of the FMLA or the MHRA. Blanford also argues that Count III against him should be dismissed because plaintiff has failed to complete the statutory prerequisites, specifically receipt of a right-to-sue letter from the MCHR, as required by the MHRA.

In response to defendants' motions to dismiss, plaintiff had filed a motion to amend with an attached proposed first amended complaint. Plaintiff asserts that his amended complaint cures the deficiencies cited in defendants' motions to dismiss. Defendants have not filed a reply or suggestions in opposition to plaintiff's motion for leave to amend.

Upon consideration, and there being no opposition filed, plaintiff's motion for leave to amend is granted. Defendants' motions to dismiss will be considered in light of plaintiff's amended complaint.

**Motion to Dismiss Standard**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

**Counts III and IV - Failure to Fulfill Statutory Prerequisites**

In response to defendants' motions to dismiss arguing plaintiff's failure to fulfill the statutory prerequisites for his claims, plaintiff's amended complaint states that he filed a charge of disability discrimination with the MCHR alleging discrimination against defendant WCA and

co-filed the charge with the EEOC. Plaintiff states that the charge was later amended adding Scott Blanford as a respondent. A notice of right-to-sue was issued by the MCHR on or about December 9, 2009, and by the EEOC on December 20, 2009.

## MHRA Claims - Receipt of MCHR Right-to-Sue Letter

MHRA § 213.111.1 sets forth the process by the MCHR for the issuance of a right-to-sue letter in response to a complaint of unlawful discrimination. The statute specifically provides that once the MCHR issues a right-to-sue letter, a MHRA claim may be brought in the Circuit Court. Public School Ret. System of the School Dist. of Kansas City v. Missouri Comm. on Human Rights, 188 S.W.3d 35, 43 (Mo. App. W.D. 2006). The issuance of a right-to-sue letter by the MCHR is a prerequisite to the filing of a claim under the MHRA, but is not a jurisdictional requirement. Id. at 44. See also King v. Continental Electric, Inc., 2006 WL 1153800 *1 (E.D. Mo. May 1, 2006). Because the right-to-sue letter is not jurisdictional, a failure to fulfill this statutory prerequisite can be cured after a complaint has already been filed with the court. Vankempen v. McDonnell Douglas Corp., 923 F. Supp 146, 149 (E.D. Mo. 1996).[1] See also King, 2006 WL 1153800 at *1.

In the instant case, the court finds plaintiff's amended complaint showing that he received his right-to-sue letter from the MCHR cures his previous failure to obtain such a letter. Therefore, plaintiff has met the statutory prerequisites of the MHRA and the motions of defendants Blanford and WCA to dismiss Count III for failure to fulfill statutory prerequisites is denied.

## ADA Claims - Receipt of EEOC Right-to-Sue Letter

Plaintiff's Title VII ADA claims are subject to the right-to-sue letter prerequisite of 42 U.S.C. § 2000e-5(f)(1). This statute provides that a right-to-sue letter from the EEOC is a prerequisite to a Title VII ADA claim. This Title VII right-to-sue letter prerequisite is the counterpart to that of the MHRA § 213.111. Vankempen, 923 F. Supp at 149. Like the MCHR right-to-sue letter, the EEOC letter is interpreted as a prerequisite to the filing of a Title VII

---

[1] The court notes decisions under federal discrimination laws are authoritative under the MHRA as well as federal law where the Missouri Supreme Court has not spoken on the issue. Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994).

action, but not as a jurisdictional requirement. Walker v. St. Anthony's Medical Ctr., 881 F.2d 554, 556 (8th Cir. 1989). See also Vankempen, 923 F. Supp. at 148. Therefore, the lack of an EEOC right-to-sue letter can be cured after a court action has already been filed, allowing a party to continue with the processing of their case, despite an initial failure to fulfill the statutory prerequisites to filing such a case. Vankempen, 923 F. Supp. at 150 (citing Jones v. American State Bank, 857 F.2d 494, 499 (8th Cir. 1988)).

In the instant case, plaintiff's amended complaint shows that he has now received his EEOC right-to-sue letter, curing the deficiency of failure to obtain such a letter as required by 42 U.S.C. § 2000e-5(f)(1). Plaintiff has met the statutory prerequisites of Title VII and defendant WCA's motion to dismiss plaintiff's Count IV ADA claim for failure to fulfill statutory prerequisites is denied.

### Counts I, II and III - Failure to State a Claim Against Defendant Blanford under FMLA or MHRA

Defendant Blanford argues that plaintiff has not sufficiently plead allegations against him individually such that he could be held liable under the FMLA and MHRA. Under the FMLA, liability is imposed on "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). This is consistent with the requirements under the MHRA for determining individual liability. Hill v. Ford Motor Co., 277 S.W.3d 659, 669 (Mo. 2009); Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238 (Mo. App. E.D. 2006); Brady v. Curators of Univ. of Mo., 213 S.W.3d 101, 113 (Mo. App. E.D. 2006). The MHRA imposes liability on an individual when that individual is involved in discriminatory conduct. Cooper, 204 S.W.3d at 244.

In the instant case, although plaintiff's original complaint failed to set forth allegations against Blanford individually, his amended complaint does make the necessary allegation of individual and personal involvement by Blanford. Plaintiff's amended complaint alleges that Blanford was the General Manager at WCA and acted directly in the interest of this defendant. Moreover, plaintiff alleges that Blanford was the decision-maker involved in the decision to terminate plaintiff's employment, in violation of the FMLA and the MHRA. These allegations in

plaintiff's amended complaint are sufficient to allow him to proceed on his FMLA and MHRA claims in Counts I, II and III against defendant Blanford.

## Conclusion

Plaintiff's amended complaint has cured the deficiencies on which defendants' motions to dismiss are based. It is, therefore,

ORDERED that plaintiff's motion for leave to file his first amended complaint is granted. [20] It is further

ORDERED that defendants' motions to dismiss are denied. [11, 12]

Dated this 4th day of March, 2010, at Jefferson City, Missouri.

/s/ Matt J. Whitworth
MATT J. WHITWORTH
United States Magistrate Judge